IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARBARA COLLINS,  )
 )
    Plaintiff, )
 ) No. 12 C 1880
v. )
 ) Magistrate Judge Sidney I. Schenkier
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security,[1] )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Barbara Collins, filed this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). On March 27, 2013, this Court reversed and remanded the decision of the Administrative Law Judge ("ALJ"). *Collins v. Colvin*, No. 12 C 1880, 2013 WL 1284235, at *1 (N.D. Ill. Mar. 27, 2013). Ms. Collins subsequently filed a motion seeking payment of $8,942.08 in attorney's fees and $366.40 in costs pursuant to the Equal Access to Justice Act ("EAJA") (doc. # 25: Pl.'s Mot. at 6). For the reasons set forth below, this Court grants Ms. Collins's motion in full.

I.

The EAJA "directs a court to award fees to a prevailing party in a suit against the United States unless the government's position was substantially justified or special circumstances make the award unjust." *Stewart v. Astrue*, 561 F.3d 679, 682 (7th Cir. 2009). When a court reverses

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), we have substituted Acting Commissioner of Social Security Carolyn W. Colvin as the named defendant.

and remands an ALJ's decision denying benefits, the claimant is the prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). The government bears the burden of proof that both the ALJ's decision and the Commissioner's defense of the decision were substantially justified. *Stewart*, 561 F.3d at 683. Although the government recognizes that Ms. Collins is the prevailing party and no special circumstances make the award unjust, the Commissioner asks this Court to deny fees to Ms. Collins because the government's position was substantially justified (doc. #34: Def.'s Mem. at 1-2). In addition, the Commissioner argues that the hourly rate is unreasonable (*Id.* at 6).

A position taken by the Commissioner is substantially justified if "a reasonable person could conclude that the ALJ's opinion and the Commissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). "[I]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the [C]ommissioner's position unjustified – something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the [C]ommisioner's defending the ALJ's opinion on a forbidden basis." *Bassett*, 641 F.3d at 860. The Commissioner may also lack substantial justification where the ALJ's decision contravenes clear and established judicial precedent or violates agency regulations. *See Stewart*, 561 F.3d at 684. In making the substantial justification determination, the Court must assess the government's overall conduct. *Id.* at 683.

**II.**

In this case, the Court reversed and remanded the ALJ's decision because, following the ALJ's failure to obtain a valid waiver of counsel from Ms. Collins, the ALJ failed to adequately

develop the record or explain why the need to do so no longer existed. *Collins*, 2013 WL 1284235, at *13.

The ALJ concluded that Ms. Collins was not disabled and denied her benefits after rejecting the findings of a consultative examination that the ALJ had deemed necessary. *Id.* at *9 (citing R. 29). After stating during the hearing that he could not render a decision based on the information that was available, *id.* at *6 (citing R. 650), the ALJ chose to give "little weight" to the opinions in the medical source statement, on the grounds that they were "wholly inconsistent" and "not supported in the least bit by the claimant's treating record." *Id.* at *12 (citing R. 28). However, the ALJ then proceeded to make a decision without the information he previously had said was necessary. *Id.* at *7 (citing R. 18-30). As a result, we found that the ALJ "left a void in the record," by failing to adequately develop the record or to explain why the additional opinion was no longer necessary. *Id.* at *12; *see Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004) ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernible."); *Clayborne v. Astrue*, No. 06 C 6380, 2007 WL 6123191, at *6 (N.D. Ill. Nov. 9, 2007) (where a consultative examination was deemed necessary, the ALJ's finding that the exam's results were inconclusive does not release the ALJ from his obligation to develop the record).

The Commissioner argues that, despite our findings, a reasonable person could find that the ALJ was substantially justified in concluding that he could appropriately decide the case based on the existing record without requiring additional evidence (Def.'s Mem. at 3-6). This argument is unpersuasive.

Courts generally defer to the Commissioner on how much evidence the ALJ must collect. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). However, it is well-established that when

3

the ALJ determines that additional evidence is necessary to make a decision, he must adequately develop the record. *See, e.g., Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir. 2000); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) (the ALJ always has an independent "duty to develop a full and fair record" and failure to do so is cause for remand); *Clayborne v. Astrue*, 2007 WL 6123191, at *6 (N.D. Ill. Nov. 9, 2007) (where a consultative examination was deemed necessary, the ALJ's finding that the exam's results were inconclusive obligates him to order a second exam or explain why such an exam is no longer necessary). Developing the record is especially important when plaintiff is not represented by counsel. *See Nelms*, 553 F.3d at 1098; *Million v. Astrue*, 260 Fed. App'x 918, 921 (7th Cir. 2008) (ALJ "must 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'") (quoting *Skinner v. Astrue* 478 F. 3d 836, 841-842 (7th Cir. 2007)). And that is particularly true here, when the ALJ failed to give Ms. Collins the information needed to validly waive her right to an attorney, who could have assisted her in developing the information that the ALJ ultimately failed to pursue (R. 632-34). Once the ALJ decided to reject the findings of the consultative exam that he had believed was necessary, he had a duty to seek out additional information or explain why he no longer needed the additional opinion. *Clayborne*, 2007 WL 6123191, at *6. On the facts of this case, the failure of the ALJ to do either demonstrates that the government's position was not substantially justified. *See Stewart*, 561 F.3d at 684.

### III.

The Commissioner also challenges the reasonableness of Ms. Collins attorney's hourly rates. We find, however, that the attorney's rate of $183.88 per hour is reasonable. Under the EAJA, the award for attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess

of $125 per hour unless the court determines that an increase in the cost of living [since 1996, when the current version of the Act was passed] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)).

The Commissioner argues that Ms. Collins's attorney's hourly rate of $183.88 is unreasonable because a rate adjustment due merely to the existence of inflation is insufficient (Def.'s Mem. at 7) (citing *Mathews-Sheets*, citing *Mathews-Sheets v. Astrue*, No. 1:08-cv-1426-WTL-DML, 2012 WL 566108 (N.D. Ind. Feb. 21, 2012)). However, many courts in this district have rejected or questioned this interpretation of *Mathews-Sheets*. *Bias v. Astrue*, No. 11 C 2247, 2013 WL 615804, at *1 (N.D. Ill. Feb. 15, 2013); *see Gibson ex rel. C.E. v. Astrue*, No. 1:10-CV-07715, 2013 WL 250668, at *2 (N.D. Ill. Jan. 23, 2013). Rather, "Congress's use of the disjunctive 'or' indicates that inflation and the limited availability of competent attorneys (a 'special factor') are both alternate routes to an enhanced hourly rate above $125." *Bias*, 2013 WL 615804, at *2 (citing *Mireles v. Astrue*, No. 10 C 6947, 2012 WL 4853065, at *2 (N.D. Ill. Oct. 11, 2012)). Thus, a prevailing plaintiff may show that an enhanced hourly rate is warranted due solely to the increased cost of providing legal service as a result of inflation, without also showing that the enhanced rate is necessary in order to attract competent counsel.[2]

Ms. Collins's proposed adjustment to the hourly rate is reasonable because the relevant Consumer Price Index ("CPI") and other evidence provided in her motion support it. *See Gibson*, 2013 WL 250668, at *2 ("Courts in this district have allowed claimants to use the

---

[2] We note that plaintiff makes a pass at establishing that an enhanced rate is necessary to attract counsel because one study concludes that the attorneys who represent claimants have only a 54 percent chance of obtaining reversals or remands, which at $125.00 per hour would make the "effective" hourly rate only $67.50 (Pl.'s EAJA Mot. at ¶ 15). That general argument proves too much: if it were accepted, it would justify the enhanced rate in every case, which would be contrary to the direction in *Mathews-Sheets* that $125.00 is the "presumptive ceiling" on the hourly rate and that an enhanced rate is not automatic.

5

Consumer Price Index to adjust hourly attorneys' rates to account for cost of living increases in EAJA cases and have found similar rates to be justified under the EAJA since *Mathew-Sheets* was decided"). Ms. Collins provided the United States City Average CPI, which shows the increase in cost of living (Pl.'s Mot. Ex. A). Ms. Collins also cited seventeen cases that demonstrate her requested fees are reasonable because they fall within the range of fees frequently awarded in EAJA motions filed in the Seventh Circuit in social security disability claims (Pl.'s Mot. at 6-7). Ms. Collins's attorney noted office rent increases of at least 3 percent per year, salary increases of approximately 5 percent per year (not due to increase in profits, but rather to the necessity of competing with larger firms); at least 100% increase in health insurance costs (due to increased premiums, not increases in staff); and increase in other expenses, including legal research tools (Pl.'s Mot. at 10-11).

In addition, Ms. Collins provides evidence from other attorneys in the area who practice in the social security field (Pl.'s Mot. Ex. D, E, F, G, H). The attorneys charge hourly rates ranging from $165 to $500 per hour. *Id.* This evidence suffices to establish the reasonableness of the rate that Ms. Collins requests. *See Gibson*, 2013 WL 250668, at 3; *Lopez-Montiel v. Colvin*, 2013 WL 1788429 (N.D. Ill. April 26, 2013). Consequently, this Court finds that the enhanced hourly rate for attorney's fees requested is justified and reasonable as a response to the increase in cost of living in this geographic area.

## CONCLUSION

For the reasons stated above, this Court grants Ms. Collins's motion (doc. # 25), and awards fees under the EAJA in the amount of $8,942.08, plus $366.40 in costs, made payable to Ms. Collins's counsel, less any debt Ms. Collins owes to the government.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: September 30, 2013**